Taking; just compensation; property along nmigable river; ordinary high-water lime. — -Plaintiffs seek to recover just compensation for an alleged taking by defendant of approximately 12 acres of tillable land lying between elevations 355 and 362.6 m.s.l. (mean sea level) on a plot of land (tract 108) located on the Ohio Eiver. Defendant condemned this land as necessary for enhancing navigation and commerce along the navigable Ohio Eiver in connection with construction of the Newburgh Locks and Dam. The condemnation proceedings were the subject of litigation (see United States *879 v. 124.84 Acres of Land, 387 F. 2d 912 (1968)). In said proceedings plaintiffs maintained that tract 108 consisted of at least 60.5 acres, with some 12 to 15 acres thereof lying below elevation 362.6 m.s.l. which elevation figure plaintiffs challenged as not reflecting a correct ordinary high-water line on said tract. The district court failed to decide plaintiffs’ properly raised allegation in this respect. In an order reported at 202 Ct. Cl. 1121 (1973), this court determined that plaintiffs are not barred by the doctrine of res judicata from litigating in this court the question of the location of the ordinary high-water line (OHWL) on tract 108. In a recommended opinion filed November 21, 1974, following a trial, Trial Judge Thomas J. Lydon concluded, in view of the particular facts and applying established legal principles thereto, that the land in question was above the OHWL and that plaintiffs are entitled to judgment against defendant for just compensation for the taking of 10.5 acres of their land. On March 21, 1975 the court issued the following order:
“Following the .filing of findings, an opinion, and recommended conclusions of law by Trial Judge Thomas J. Lydon on November 21, 1974, this case comes before the court on a stipulation of the parties filed March 19, 1975, signed on behalf of plaintiffs and the defendant by the respective attorneys of record, in which it is stated that an offer was submitted by plaintiffs to settle this case, which offer was thereafter duly accepted on behalf of defendant, whereby plaintiffs agreed to accept the sum of $7,350, plus interest at the rate of 6 percent per annum from June 25, 1965, until March 3, 1975, together with the sum of $2,000 as litigation costs and attorney’s fees, in full settlement of all claims set forth in the petition, and defendant consented to the entry of judgment in the amounts and manner set out above.
“it is therefore ordered that judgment be and the same is entered for plaintiffs in the sum of seven thousand three hundred and fifty dollars ($7,350), together with simple interest thereon at the rate of 6 percent per annum from June 25, 1965, until March 3, 1975, together with the additional sum of two thousand dollars ($2,000) for litigation costs and attorney’s fees, provided that plaintiffs may obtain payment of such award only upon tender of a deed to such property as was taken by defendant in such form as the At- *880 tomey General may deem necessary to assure the defendant a valid fee simple title.”